### J. BLAKEY v. W. H. ALLEN ET AL.

Decided October 21, 1899.

1. **Deed—Executory Contract—Repudiation by Grantee.**

A deed with only special warranty and reserving a vendor's ·lien to secure notes given for part of the purchase money evidences an executory contract, and the grantee, upon discovering that the grantor had no title whatever, may repudiate the contract, recover back the money paid, and have.the notes canceled.

2. **Same—Title Acquired Afterwards.**

Where, after such repudiation by the grantee, the grantor acquires title to the land by purchase, he can not force its benefits on the grantee without a new contract, although the latter's suit for recovery back and for cancellation of the notes be still pending.

3. **Same—Vendor's Lien Notes—Indorsement.**

Where such grantor, in purchasing the land he had already sold, indorsed and delivered in part payment therefore the notes reciting a vendor's lien on the land which he had received from his grantee, he was estopped to claim, as against his vendor, that they were not a lien, nor could he make the defense of a simple indorser, that he was not sued at the first term of court after the cause of action accrued.

APPEAL from Ellis.. Tried below before Hon. J. E. DILLARD.

*Singleton & Bisland,* for appellant.

*S. C. McCormick* and *C. L. Edwards,* for appellee.

FINLEY, CHIEF JUSTICE.—On January 1, 1895, Allen purchased of· Blakey lot 4, in block 39, in the town of Ennis, paying $250 cash and executing his two notes for $125, providing for 10 per cent interest and 10 per cent attorney's fees, and due respectively January 1, 1896, and January 1, 1897, and reciting the vendor's lien upon the land. Blakey ·gave Allen a deed to the lot specially warranting against any claim through him. The deed expressly retained the vendor's lien upon the lot to secure payment of the two notes. At the time of this purchase Blakey had no title whatever to the lot; the title was in the trustees of Ennis Township Company, F. A. Rice, T. W. House, and W. C. Oliver. In 1897 said trustees took possession of the lot and fenced it. When this occurred Allen demanded of Blakey the return of the purchase money paid and the two $125 notes. Blakey put him off for a time, when he (Allen) tendered Blakey a deed from himself to Blakey of like character with deed executed by Blakey to him, upon consideration of Blakey paying him back the $250 with interest and returning his two notes. Blakey refused to pay back the money and return the notes. Allen then sued Blakey in the County Court for the $250 and the cancellation of the notes. This suit seems to have been dismissed for want of jurisdiction. After all these acts, to wit, April 6, 1898, Blakey bought the lot from the trustees, paying $100 cash and transferring to them by indorsement Allen's two notes. The trustees executed to him a quitclaim deed to the lot, reciting the cash payment of $100 and the transfer of the two notes, which were recited to be a vendor's lien upon the lot. The trustees knew nothing of the acts of repudiation of the contract of sale on the part of Allen's two notes. The trustees executed to him a quitclaim deed to the degree of the true situation. Allen then brought suit against Blakey in the District Court for the $250, with interest, and the cancellation of the two notes. Thereafter, to wit, September 21, 1898, said trustees brought suit in the same court against Allen and Blakey on the notes and asked foreclosure of the vendor's lien on the land. The two suits were consolidated by order of the court, and upon the trial the court gave Allen judgment against Blakey for the $250 with interest, canceled the notes as against Allen, and gave judgment in favor of the trustees against Blakey for the amount of the notes, interest, and attorney's fees, but denied any recovery against Allen. The above recitals show the material facts proven on the trial. Blakey alone has appealed.

*Conclusions of Law.*—1. The deed from Blakey to Allen evidenced an executory contract of sale, and when Allen discovered that Blakey had no title to the lot he had the right to repudiate the contract, as he did, and was not further bound by it.

2. Allen having disaffirmed the contract of sale in 1897, the title purchased by Blakey in 1898 did not pass to Allen, and Blakey could not force its benefits upon Allen without a new contract between the parties.

3. The consideration of the contract between Allen and Blakey having

failed, Allen was entitled to recover back the money paid and have the notes canceled, as against Blakey.

4. Blakey's transfer and indorsement of the notes under the circumstances, and the recitation in his deed from the trustees that they were a lien on the lot, bound him absolutely for the amount they represented as purchase money of the lot, and he could not make the technical defense of a single indorser, that he was not sued at the first term of the court after the cause of action accrued. The judgement is affirmed.

*Affirmed.*